ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF
FT. WORTH DIVISION

2009 OCT 19 PM 3: 5

CLERK OF COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

BROOKES BAKER and
FRED GRIFFITH,

    Plaintiffs,

v.

CIVIL ACTION NO. 4-09 CV-620-A

CITY OF WHITE SETTLEMENT, TEXAS
and RANDELL G. BROWN,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiffs, Brookes Baker and Fred Griffith, file this complaint against defendants, City of White Settlement, Texas, and Randell G. Brown, and allege the following on information and belief:

### INTRODUCTION

2. This is an action to vindicate the free speech rights of plaintiffs and others similarly situated to picket within public rights of way within the City of White Settlement.

3. According to the face of White Settlement's Portable or Moveable Sign Ordinance, Section 54-302(b), and as this ordinance was applied to plaintiffs and others by city officials on September 8 and 10, 2009, persons picketing within White Settlement may not hold signs within public rights of way to express their political, social, or religious views.

4. The ordinance is unconstitutional on its face and as applied by defendants.

5. Plaintiffs seek immediate and permanent relief to engage in the fundamental free speech right to picket in public rights of way through the use of hand-held or hand-supported signs.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the Constitution and laws of the United States and presents a federal question, and pursuant to 28 U.S.C. § 1343(a)(4), in that it seeks to recover damages and to secure equitable and other relief under an Act of Congress, specifically 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights.

7. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202, by Federal Rules of Civil Procedure 57 and 65, and by the general legal and equitable powers of this court, which empower this court to grant the requested relief.

8. Plaintiff's claims for nominal damages is authorized by 42 U.S.C. § 1983 and other applicable law.

9. This court has the authority to award plaintiffs attorneys' fees and costs associated with this action pursuant to 42 U.S.C. § 1988 and other applicable laws.

10. Venue is proper within this judicial district, pursuant to 28 U.S.C. § 1391(b), because the events or omissions giving rise to plaintiffs' claims occurred within this judicial district.

## PARTIES

### Plaintiffs

11. Plaintiff Brookes Baker is a United States citizen and resident of the State of Texas. For years, Baker has been picketing on public rights of way within White Settlement, specifically near the West Side Clinic, to express his opposition to abortion. Baker uses hand-held or hand-supported signs to express his pro-life views.

2

12.     Plaintiff Fred Griffith is a United States citizen and resident of the State of Texas. For months, Griffith has been picketing on public rights of way within White Settlement, specifically near the West Side Clinic, to express his opposition to abortion. Griffith uses hand-held or hand-supported signs to express his pro-life views.

### Defendants

13.     Defendant City of White Settlement is a political subdivision of the State of Texas.

14.     Defendant Randell G. Brown is the Public Works Director of White Settlement. He is sued in his official and individual capacities.

### FACTUAL ALLEGATIONS

15.     For some time, plaintiffs, as well as a number of others, have been gathering on public rights of way near the West Side Clinic, a facility which performs abortions, to express their opposition to abortion.

16.     Plaintiffs, as well as others who picket near the West Side Clinic, express their opposition to abortion through the use of signs. These signs are not stand-alone signs, but are either held in the hand or supported by hand. Plaintiffs believe the use of such signs is an effective way to express their pro-life message.

17.     On or about September 8, 2009, at approximately 9:00 a.m., a White Settlement city vehicle arrived near the scene where a group of pro-life picketers were standing with their signs. One of the city officials who arrived in the vehicle told one of the picketers that he had no right to hold signs which offend people. The picketer told the officials that they did not have the authority to control the content of the signs. The officials responded that they have an ordinance

3

which did just that. Kyle Reeves, White Settlement's Building Inspector, gave the picketer his business card and left.

18. On or about September 10, 2009, at approximately 9:20 a.m., defendant Randell Brown, along with at least three other city employees and two city police officers, arrived at the location where plaintiff Fred Griffith and other picketers were standing. Brown gave one of the demonstrators a copy of White Settlement's ordinance relating to portable sign use. Brown stated that if the group displayed any portable signs in the public right of way they would be issued citations.

19. The subject ordinance, Section 54-302(b), reads, in pertinent part:

> Determination by the building official or his designated representative as to whether any sign is portable or moveable shall be controlling. It is expressly provided that such signs are prohibited in any residential zoning district or within any right-of-way or city easement within the city. The following additional provisions shall apply to portable or moveable signs:
>
> (1) Only one such sign four times per year for each platted and developed lot shall be permitted for display. On lots with multiple businesses, each business shall be allowed a portable or movable sign as per this section.
>
> (2) Any such sign shall be permitted on-premises only. No such sign shall exceed a total area of 50 square feet.
>
> (3) No such sign shall be lighted. Any such sign may be displayed a maximum of 15 days per permit with a maximum of four permits per calendar year.
>
> (4) Written permission from the property owner or management regarding number of days allocated for "lot" is required.
>
> (5) The city is exempt from this subsection (b).

20. White Settlement defines the terms "portable (or moveable) sign" by ordinance, Section 54-299, as "those signs that are not firmly attached to the ground, a building, or other

structure, and those that can be easily moved or carried about and reused numerous times at different locations."

21. White Settlement defines the terms "sign" by ordinance, Section 54-299, as "every sign, name, number, identification, description, announcement, declaration, demonstration, device, display, flag, banner, pennant, illustration, logo, balloon, streamer, valance, advertising display, poster, beacon, light or insignia, affixed directly or indirectly to or upon any building, window, door or outdoor structure, calling attention to any object, product, service, place, or activity."

22. Out of fear of being issued a citation and fine for violating the portable sign ordinance, plaintiffs as well as others have not used their hand-held or hand-supported signs on the public rights of way near the West Side Clinic since September 10, 2009.

23. Plaintiffs have no plain, adequate, or complete remedy to redress the wrongs described in this complaint other than by filing this action to obtain court relief to allow them to display their signs as soon as possible without illegal interference by defendants.

## LEGAL CAUSES OF ACTION

### COUNT ONE
### (Violation of Free Speech—As Applied Challenge)

24. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 23 above and incorporate those allegations herein by reference.

25. White Settlement's ordinance governing portable signs, Section 54-302(b), as applied to plaintiffs and others by White Settlement city officials, violates their right of free speech as guaranteed by the First Amendment to the United States Constitution, as applied to the states and political subdivisions by the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

26. Wherefore, plaintiffs request the relief set forth below in their prayer for relief.

## COUNT TWO
### (Violation of Free Speech—Facial Challenge)

27. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 23 above and incorporate those allegations herein by reference.

28. White Settlement's ordinance governing portable signs, Section 54-302(b), is overbroad and unconstitutional on its face and violates their right of free speech as guaranteed by the First Amendment to the United States Constitution, as applied to the states and political subdivisions by the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

29. Wherefore, plaintiffs request the relief set forth below in their prayer for relief.

## COUNT THREE
### (Violation of the Due Process—Facial Challenge)

30. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 23 above and incorporate those allegations herein by reference.

31. White Settlement's ordinance governing portable signs, Section 54-302(b), is vague and unconstitutional on its face and violates the right to due process that is guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

32. Wherefore, plaintiffs request the relief set forth below in their prayer for relief.

## **PRAYER FOR RELIEF**

33. Plaintiffs repeat and reallege all allegations made above and incorporate those allegations herein by reference, and plaintiffs respectfully ask that this court grant them the following relief, as set forth in this complaint, and enter final judgment against defendants:

    a. Declare that defendants' application of White Settlement's Portable or Moveable Sign Ordinance, Section 54-302(b), violated plaintiffs' right of free speech that is guaranteed by the First Amendment to the United States Constitution;

    b. Declare that White Settlement's Portable or Moveable Sign Ordinance, Section 54-302(b), is overbroad on its face and violates the right of free speech that is guaranteed by the First Amendment to the United States Constitution;

    c. Declare that White Settlement's Portable or Moveable Sign Ordinance, Section 54-302(b), is vague on its face and violates the right to due process that is guaranteed by the Fourteenth Amendment to the United States Constitution;

    d. Permanently enjoin defendants, their officers, agents, employees, successors in office, and those acting in concert with them from enforcing White Settlement's Portable or Moveable Sign Ordinance, Section 54-302(b), against plaintiffs and others not before this court, while they are exercising their protected freedom of speech within the jurisdiction of White Settlement;

    e. Award each plaintiff nominal damages in an amount not to exceed $19.00 for the violation of his rights as set forth in this complaint;

    f. Award plaintiffs their reasonable attorneys' fees and costs associated with this action; and

g. Award plaintiffs any other and further relief as this court deems equitable and just.

Respectfully submitted on October 19, 2009,

*Thomas S. Brandon, Jr.*
Thomas S. Brandon, Jr.
Texas Bar No. 02881400
*Counsel for Plaintiff*

Geoffrey R. Surtees*
Kentucky Bar No. 89063
*Counsel for Plaintiff*
American Center for Law & Justice
6375 New Hope Road
New Hope, Kentucky 40052
Telephone: 502-549-7020
Facsimile: 502-549-5252
Email: grsurtees@gmail.com
* Pro hac vice application pending

Edward L. White III*
Michigan Bar No. P62485
*Counsel for Plaintiff*
American Center for Law & Justice
5068 Plymouth Road
Ann Arbor, Michigan 48105
Telephone: 734-662-2984
Facsimile: 734-302-1758
Email: elwhite3@yahoo.com
* Pro hac vice application pending

*Of Counsel:*

Whitaker, Chalk, Swindle & Sawyer, LLP
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102-4186
Telephone: 817-878-0500
Facsimile: 817-878-0501
Email: tbrandon@whitakerchalk.com

Kelly J. Shackelford
Texas Bar No. 18070950
Hiram Sasser, III
Texas Bar No. 24039157
Roger L. Byron
Texas Bar No. 24062643
*Counsel for Plaintiff*
Liberty Legal Institute
903 East 18th Street, Suite 230
Plano, Texas 75074
Telephone: 972-423-3131
Facsimile: 972-423-8899
Emails: kshackelford@libertylegal.org
       hsasser@libertylegal.org
       rbyron@libertylegal.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing complaint was sent on October 19, 2009, by United States Mail, First Class postage prepaid, and by Facsimile Transmission to Michael Burkett, City Attorney, City of White Settlement, 101 Summit Avenue, Fort Worth, Texas 76102-2618, Fax No. 817-336-7583.

     *[signature]*
Thomas S. Brandon, Jr.
Texas Bar No. 02881400
*Counsel for Plaintiff*

*Of Counsel:*

Whitaker, Chalk, Swindle & Sawyer, L.L.P.
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102-4186
Telephone: 817-878-0500
Facsimile: 817-878-0501
Email: tbrandon@whitakerchalk.com



JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Brookes Baker and
Fred Griffith

**(b)** County of Residence of First Listed Plaintiff: Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas S. Brandon, Jr., Whitaker, Chalk, Swindle & Sawyer, L.L.P., 3500 City Center Tower II, 301 Commerce St., Fort Worth, TX 76102 (817) 878-0532

## DEFENDANTS
City of White Settlement, Texas and Randell G. Brown, Public Works Director of White Settlement

County of Residence of First Listed Defendant: Tarrant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
4-09CV-620-A
Michael Burkett, 101 Summit Ave., Forth Worth, TX 76102
(817) 338-4300

RECEIVED OCT 19 2009
CLERK, U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983
Brief description of cause:
Violation of Constitutional Right to Freedom of Speech

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 10/19/2009
SIGNATURE OF ATTORNEY OF RECORD: Thomas S. Brandon

**FOR OFFICE USE ONLY**
RECEIPT # FW9759   AMOUNT 350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____