

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 NOV 19 PM 2:53

CLERK OF COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BROOKES BAKER and FRED GRIFFITH,** | § | |
| **Plaintiffs,** | § | |
| **V.** | § | **CASE NO. 4:09-CV-620-A** |
| **CITY OF WHITE SETTLEMENT, TEXAS and RANDELL G. BROWN,** | § | |
| **Defendants.** | § | |

## DEFENDANT'S MOTION TO MODIFY ORDER OF NOVEMBER 16, 2009

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

The City of White Settlement, Texas, Defendant in the above entitled and numbered cause, moves that the Court's Order signed and filed November 16, 2009, directing the parties to confer for the purpose of discussing settlement of this action, be modified and would respectfully show this Court as follows:

**I.**

The Order requires a representative of each party who has unlimited settlement authority to attend a settlement conference and meet face-to-face to discuss settlement of this action. *See* Order of November 16, 2009 at 2.

**II.**

Under the laws of the State of Texas, only a quorum of the White Settlement City Council may authorize settlement of this action on behalf of the City. This is especially true in this case,

where the controversy arises from an interpretation and application of the City's sign ordinance and settlement might involve an ordinance amendment clarifying the provisions at issue–an action that can only be taken by the city council. The Texas Open Meetings Act provides that all meetings of a quorum of a city council at which city business is discussed must be noticed and open to the public. Tex. Gov't Code Ann. §§ 551.001(4)(A), .002, .041, .043(a). There are very narrow exceptions to the open meetings requirement, allowing for "closed" or executive sessions of the city council which are not open to the public. *See generally* Tex. Gov't Code Ann. §§ 551.071-.088.

**III.**

One of these exceptions allows a quorum of the city council to meet in executive session to consult with its attorney and receive advice about pending litigation or a settlement offer. *Id.* § 551.071(1). This type of an executive or "closed" session is not allowed when there are persons present such that the attorney-client relationship would be waived. Op. Tex. Att'y Gen. Nos. JC-0506, at 6 (2002), JM-100, at 2 (1983). A governmental body is allowed to admit persons other than its attorney to be present during these types of executive sessions, but only "its agents and representatives, where those persons' interest in litigation is aligned with the governmental body's and their presence is necessary for full communication between the governmental body and its attorney." Op. Tex. Att'y Gen. No. JC-0506, at 6 (2002). The opposing parties and their attorneys are clearly not persons that fall within this category.

**IV.**

The conduct of an unauthorized "closed" or executive session is a misdemeanor that is punishable by a fine of up to $500 or confinement for up to six months in jail. Tex. Gov't Code Ann. § 551.144(b). Thus, the only legal way to conduct the ordered settlement conference with a

full quorum of the city council would be to call and notice a special open meeting and open the discussions between the city council, its attorneys and the opposing parties and attorneys to the general public. This arrangement would absolutely defeat the confidentiality normally expected during settlement discussions, would severely discourage openness and candor during those discussions and thus, hinder the ultimate efficacy of the settlement conference.

**V.**

The parties have conferred and Plaintiffs do not oppose Defendants' proposed modification of the Court's Order. Accordingly, a brief is not required to accompany this motion pursuant to Local Rule 7.1(h). Because this motion is unopposed an agreed proposed order is being filed and submitted simultaneously with this motion pursuant to Local Rule 7.1(c).

**VI.**

Therefore, to avoid the necessity and expense of convening a special meeting of the White Settlement City Council to confer with the Plaintiff and his attorneys, to have the settlement conference be conducted in accordance with Texas law, and to protect the confidentiality of the settlement discussions, the City respectfully requests that the November 16, 2009 Order be modified to allow a single representative of the City–the mayor, city manager, or one of the city council members–be designated with authority to recommend settlement to a full quorum of the city council and to attend the settlement conference in lieu of a full quorum of the city council.

Respectfully submitted,

Wayne Olson
Texas Bar No. 15276900
wolson@toase.com

Fredrick "Fritz" Quast
Texas Bar No. 24032974
fquast@toase.com

Members of the Firm of:
Taylor, Olson, Adkins, Sralla, & Elam, LLP.
6000 Western Place, Suite 200
Fort Worth, Texas 76107-3654
Telephone: 817.332.2580
Facsimile: 817.332.4740

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been forwarded to the following attorneys of record for Plaintiffs via facsimile transmission in accordance with Rule 5 of the Federal Rules of Civil Procedure on this 19th day of November, 2009:

Attorney for Plaintiffs
VIA FACSIMILE TRANSMISSION
Thomas S. Brandon, Jr.
Whitaker, Chalk, Swindle & Sawyer, LLP
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102-4186

Attorney for Plaintiffs
VIA FACSIMILE TRANSMISSION
Kelly J. Shackelford
Hiram Susser, III
Roger L. Byron
Liberty Legal Institute
903 East 18th Street, Suite 230
Plano, Texas 75074

Attorney for Plaintiffs
**VIA FACSIMILE TRANSMISSION**
Geoffrey R. Surtees
American Center for Law & Justice
6375 New Hope Road
New Hope, Kentucky 40052

Attorney for Plaintiffs
**VIA FACSIMILE TRANSMISSION**
Edward L. White, III
American Center for Law & Justice
5068 Plymouth Road
Ann Abor, Michigan 48105

Wayne K. Olson

**CERTIFICATE OF CONFERENCE**

I, Fredrick "Fritz" Quast, a member of the firm of Taylor, Olson, Adkins, Sralla & Elam, L.L.P. and an attorney for Defendants, conferred by electronic mail with Edward White, III, attorney for Plaintiffs on November 18, 2009, regarding the merits of this motion. Mr. White has stated that he does not oppose to this motion. Accordingly, this motion is unopposed.

Fredrick "Fritz" Quast